IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL MCNEAL, | * | |
| Petitioner | * | |
| v. | * | Civil Action No. JKB-17-1753 |
| WARDEN and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | * * | |
| Respondents | * | |

***

## MEMORANDUM OPINION

Michael McNeal, a self-represented Maryland prisoner, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 (2012), challenging his sentence for attempted first-degree murder and related offenses. ECF Nos. 1, 2. Respondents have filed a Response, ECF No. 10, and the § 2254 Petition is ripe for review. After reviewing the Petition and Response, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts;* Local Rule 105.6; *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons set forth below, the Petition shall be denied and a certificate of appealability shall not issue.

## BACKGROUND

In 2004, Petitioner was convicted by a jury of attempted first-degree murder and related offenses. ECF No. 10-7 at 2. At Petitioner's original sentencing hearing, the State asserted that Petitioner had three prior convictions for crimes of violence and was therefore subject to a statutory minimum of 25 years' imprisonment without the possibility of parole (hereinafter, "active minimum requirement"). *Id.* at 2-3; *see* Md. Code. Ann., Crim. Law § 14-101 (2002). Petitioner

was sentenced to 40 years' imprisonment, the first 25 years of which were to be served without the possibility of parole, for the attempted first-degree murder conviction; he received merged or concurrent sentences for his related convictions. *Id.* at 3-4.

In 2012, Petitioner filed a petition for post-conviction relief ("PCR") arguing that he was not subject to the active minimum requirement because the prior convictions triggering the active minimum requirement were not committed by Petitioner but were instead committed by someone else with the same name or someone intentionally using Petitioner's name as his own. *Id.* at 4. Ultimately, at a hearing on the petition, the State "conceded that 'at least one' of the predicate convictions was not McNeal's but was that of another person using McNeal's name and State Identification Number." *Id.*; *see* ECF No. 10-2 at 4. Pursuant to a mutually agreed upon plan, Petitioner voluntarily withdrew his PCR petition with prejudice and the hearing judge granted an oral motion to correct an illegal sentence and ordered that Petitioner receive another resentencing hearing. ECF No. 10-2 at 19-20. However, before implementing this plan, the hearing judge cautioned Petitioner that it did not necessarily follow that Petitioner would receive the same or a lesser sentence upon resentencing, only that the court would be precluded from considering the wrongly attributed predicate offence that helped to trigger the active minimum requirement. *Id.* at 13-15, 18-19.

Petitioner's resentencing hearing was held on March 21, 2013. The State recounted that the attempted murder occurred as the victim, Petitioner's ex-girlfriend, was driving close to her home. Petitioner rear-ended the victim's car before "fir[ing] a shot through [the victim's] rear window." ECF No. 10-3 at 11. This shot did not strike the victim.

> However, [the Petitioner] then pulled alongside [the victim's car] – she was directly in front of her home at that point and was attempting to leave her vehicle and run in the house where her mother was waiting [with] her younger brother. And Mr.

2

McNeal pulled alongside, preventing her escape from the driver's side and then fired an additional five rounds into that car striking her all five times.

*Id.* at 11-12. The victim also testified at the hearing as to her lasting physical and mental health problems caused by the shooting, as well as her fears that Petitioner might harm her and her children when released. *Id.* at 8-9. Accordingly, the State sought a sentence of 40 years' imprisonment, with the first 15 years to be served without the possibility of parole. ECF No. 10-3 at 15.

Petitioner's counsel argued that the guidelines range for the attempted first-degree murder conviction was 18 to 25 years' imprisonment. *Id.* at 17. Counsel contended that a guidelines sentence would be appropriate and argued that a sentence less than the 40 years sought by the state was appropriate because "the only thing that's changed [from Petitioner's original sentencing] is his previous record is lower, [so] it just makes sense that the sentence itself should also be lower." *Id.* at 18, 28.

Petitioner gave an allocution, focusing solely on the fact that he was not the perpetrator of at least one of the crimes that had been used as a predicate to trigger the active minimum requirement at his original hearing. *Id.* at 23-26. He asserted that the State had committed a *Brady*[1] violation by "withholding" from Petitioner's original sentencing hearing the arrest records corresponding with the predicate offenses. *Id.* at 26. The court reminded Petitioner that it had already ruled in Petitioner's favor on the issue of whether the predicate offenses were rightly attributable to Petitioner. *Id.* at 27. Petitioner nonetheless continued with his line of reasoning, stating:

> My question is under --- is that I'm not indeed the defendant. So under Power versus Cannon, they say if you can prove that you're not indeed the

---

[1] *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

3

> defendant under these two cases, you're supposed to be discharged from custody.
>
> . . .
>
> So what I'm saying is if the state's attorney perjured herself, that's on her. I don't have nothing to do with that. But what I'm saying today here: I am the victim today. Because I'm serving ten years, eight months and 16 days on a sentence that is not me.

*Id.* at 27-28. The court asked the parties to return in a month and a half, explaining that "given the very grievous nature of the underlying crimes, but also the obvious considerations for justice with respect to Mr. McNeal's position, I want to consider in further detail the matters that have been brought before the Court this morning." *Id.* at 29.

On May 8, 2013, the court sentenced Petitioner to 40 years' imprisonment, dating from Petitioner's original arrest date of August 5, 2002. ECF No. 10-4. However, unlike Petitioner's initial sentence, this sentence did not include a requirement that any portion of Petitioner's sentence be served without the possibility of parole. *Id.* at 8. Petitioner did not object to the revised sentence.

Petitioner timely filed a direct appeal, arguing that the district court relied on impermissible considerations in resentencing Petitioner to 40 years' imprisonment.[2] ECF No. 10-5. The Court of Special Appeals noted that, by failing to object at the resentencing hearing, Petitioner had waived appellate review of the issue and that plain error review was not appropriate. ECF No. 10-7 at 7-8. The Court of Special Appeals went on to explain:

> The discretion to review for plain error is exercised *rarely* because "considerations of both fairness and judicial efficiency ordinarily require that all challenges that a party desires to make to a trial court's ruling, action, or conduct be presented in the first instance to the trial court . . . ." *Chaney v. State*, 397 Md. 460, 468 (2007).
>
> In this case, at the hearing on the motion to correct an illegal sentence, the court informed McNeal that, upon resentencing, "the judge would be free to impose any sentence that's still legal." A sentence of 40 years' incarceration for attempted

---

[2] Petitioner also unsuccessfully attempted to attack his sentence via a motion to correct illegal sentence, a motion for sentence modification, and a petition for writ of error coram nobis. ECF No. 10-1 at 19, 21-22.

4

> first-degree murder is a legal sentence. *See* CL § 1-201 (the punishment for "attempt to commit a crime may not exceed the maximum punishment for the crime attempted"); CL § 2-201(b) (the maximum punishment for first-degree murder is "imprisonment for life without the possibility of parole").
> Moreover, following the resentencing hearing, the court took the matter under advisement so that it could "consider further in more detail" the testimony heard that day and so that it could review "the content of the file." Finally, just before pronouncing sentence, the court stated on the record that, in formulating its sentence, it had considered "the papers and argument made both by the State and defense counsel," the "nature of the offense," the victim's statement at the resentencing hearing, McNeal's own "allocution," and the testimony of McNeal's mother. This was a sufficient statement by the court of reasons for its sentence. See Rule 4-342(g); *Brashear v. State*, 90 Md. App. 709, 724 (1992) ("All that [Rule 4-342(g)] requires is that 'ordinarily' a judge state his reasons on the record.").
> ... Here, the resentencing court stated sufficient reasons for its sentence and there is nothing in the record to support the notion that it relied upon 'impermissible considerations' in resentencing McNeal to 40 years' imprisonment for attempted first-degree murder. In short, McNeal has failed to establish that the resentencing court committed any reversible error, let alone plain error.

*Id.* at 8-9. On November 20, 2014, the Maryland Court of Appeals denied further review on direct appeal. *McNeal v. State*, 103 A.3d 594 (2014).

In October 2014, before Petitioner's direct appeal had been finally resolved, Petitioner filed a PCR petition. ECF No. 10-1 at 18. The PCR petition was denied in May 2016. *Id.* at 21. The following month, Petitioner filed an application for leave to appeal the denial of his PCR petition, and the Court of Special Appeals denied this application in December 2016.[3] *Id.*; ECF No. 10-8 at 1-2.

---

[3] It is unclear what issues were raised in the 2016 PCR proceedings, as the parties have not filed the PCR petition, the PCR court's decision, or Petitioner's application for leave to appeal the denial of the PCR petition.

## CLAIMS FOR RELIEF

On June 21, 2017, Petitioner mailed this Court a 28 U.S.C. § 2254 Petition.[4] ECF No. 1. The "grounds" presented in the Petition are simply a recitation of the procedural history of Petitioner's case. *Id.* at 4-5. It appears that the Petitioner's ultimate argument is that the state court erred by resentencing him to a term above the applicable 18 to 25-year guidelines range. *Id.* at 5.

On June 28, 2017, Petitioner mailed a second § 2254 Petition, which was docketed as a supplement. ECF No. 2. The supplement raises the following grounds for relief: (1) "The conviction and sentence under which Petitioner is imprisoned are unlawful and void because of multiple violations of Petitioner's right to due process of law by the 14th Amendment to the Constitution of the United States"; (2) "These violations are not merely irregularities but major constitutional violations which cast significant doubt on fairness to be sentence [sic] and more importantly call into question the judge['s] abuse of discretion"; (3) "Petitioner was denied due process and the right to present a defense to criminal charges when the judge knew another McNeal was using his name and state identification number"; and (4) "The prosecutor violated discovery orders by withholding important information in respect to me being sentence [sic] when she stated Today your honor it is still uncertain what is Mr. McNeal['s] prior record because they're so commingled." *Id.* at 5-6 (some capitalization altered).

Respondents assert that the Petition should be rejected for procedural default based on the Court of Special Appeals's determination that Petitioner waived appellate review by failing to timely object to the sentence. ECF No. 10 at 15. Additionally, Respondents assert that Petitioner's

---

[4] Petitioner has previously filed two 28 U.S.C. § 2254 habeas petitions in this Court. In 2013, the same year that Petitioner was resentenced in state court, Petitioner filed a habeas corpus petition challenging aspects of his trial and resentencing. *McNeal v. Cochran*, JKB-13-1039, ECF No. 1. The Court dismissed the petition with prejudice as to Petitioner's claims pertaining to trial and without prejudice as to the claims regarding resentencing. *Id.*, ECF No. 9. In 2015, Petitioner filed his second § 2254 petition, which this Court dismissed without prejudice after Petitioner failed to comply with the Court's order to supplement his petition. *McNeal v. City of Baltimore*, JKB-15-1749, ECF No. 4.

6

"sentence is legal under Maryland law," noting that "the very purpose of the May 8, 2013, sentencing was to correct a purported illegality in the sentence." *Id.*

## DISCUSSION

Section 2254 states that a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The statutory framework of the federal habeas statute sets forth a "highly deferential standard for evaluating state-court rulings." *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7, (1997); *see also Bell v. Cone*, 543 U.S. 447, 455, (2005). The standard is "difficult to meet," and requires courts to give state-court decisions the benefit of the doubt. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks and citations omitted); *see also Harrington v. Richter*, 562 U.S. 86, 102 (2011) ("If this standard is difficult to meet, that is because it was meant to be."). A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits: 1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or 2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Sentence calculation and/or construction issues generally are issues of state law and do not give rise to a federal question. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("it is not the province of a federal habeas corpus court to reexamine state court determinations on state law questions") (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Violation of a state law that does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings

only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

However, even before considering the substance of a habeas corpus claim, a petitioner must satisfy several threshold considerations. As relevant here, one such consideration is the doctrine of procedural default, which is applicable when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "independent of the federal question and adequate to support the judgment." *Walker v. Martin*, 562 U.S. 307, 315 (2011) (internal quotations omitted). Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether it be by failing to raise the claim in post-conviction proceedings or on direct appeal, or by failing to timely note an appeal, the procedural default doctrine applies. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 46 (1972) (failure to raise claim during post-conviction); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief). A procedural default also may occur where a state court declines "to consider the merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law" or "a fundamental miscarriage of justice." *Lewis v. Wheeler*, 609 F.3d 291, 309 (4th Cir. 2010) (quoting *Vinson v. True*, 436 F.3d 412, 417 (4th Cir. 2006) (internal quotation marks omitted)). "Cause" consists of "some objective factor external to

the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." *Id.* (quoting *Murray*, 477 U.S. at 488). Prejudice requires a showing that errors at trial "worked to [the petitioner's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 168, (1982).

**A. Unlawful Sentence**

Save for a few exceptions that are discussed in the next section, the various "grounds" for relief stated in the second § 2254 Petition can largely be summarized as a single claim that Petitioner's 40-year sentence without the active minimum requirement was unlawful. ECF No. 2 at 1. As a matter of sentencing under state law, such a claim does not appear cognizable in § 2254 review. *See Estelle*, 502 U.S. at 67–68.

In any event, even if it were cognizable, the claim is procedurally defaulted because, as the Court of Special Appeals explained on direct appeal, Petitioner waived review of this issue by failing to note an objection at the pronouncement of the sentence. ECF No. 10-7 at 8. Since that court declined "to consider the merits [of the claim] on the basis of an adequate and independent state procedural rule," the claim is procedurally defaulted. *Yeatts*, 166 F.3d at 260.

To overcome the default, Petitioner must demonstrate cause and prejudice, which he cannot do. As the Court of Special Appeals noted, the sentence issued at the resentencing hearing was within the statutory range (even if above the recommended, non-binding guidelines range) for attempted first degree murder and was supported by a reasoned explanation from the resentencing judge after ample consideration of the record. Moreover, Petitioner did, in fact, receive some benefit upon resentencing because the active minimum requirement was stricken from his sentence. The fact that it was *possible* for him to receive a shorter sentence does not mean that it was *unconstitutional* when the resentencing court declined to impose such a sentence. Thus,

Petitioner was not prejudiced because he was not constitutionally obligated to receive any further benefit.

## B. Miscellaneous Claims

As noted above, parts of Petitioner's claims do not, or can be construed as presenting arguments that do not, fit squarely within the overarching claim that his 40-year sentence is unlawful. Because Petitioner's state PCR proceedings are not included as part of the record, the Court is unable to tell if Petitioner properly presented and exhausted these claims in the state court or if the state court rejected them on adequate and independent state grounds, meaning such claims are procedurally defaulted. In any event, these assorted claims are wholly meritless.

First, in claiming that the resentencing yielded an unlawful result, Petitioner inexplicably claims that his underlying *convictions* are also unlawful. ECF No. 2 at 5. However, the resentencing did not in any way call into question or challenge the factual or legal legitimacy of Petitioner's 2004 convictions for attempted first degree murder and related offenses, and Petitioner offers no further explanation in support of this conclusional assertion.

Second, Petitioner's claim that he was "denied due process and the right to present a defense to criminal charges when the judge knew another McNeal was using his name" is also without merit. *Id.* Because of the ambiguous phrasing, it is possible that Petitioner is referring to his 2004 sentencing proceeding or his 2013 sentencing proceeding. To the extent that it is a challenge to the 2013 sentencing proceeding, it is subsumed under the procedurally defaulted claim discussed in the preceding section.[5] To the extent this claim is a reference to the 2004 sentencing proceeding, it must fail. That hearing is no longer determinative of Petitioner's sentence. And, in

---

[5] Moreover, it is factually incorrect. During his allocution, Petitioner presented just such a defense—pointing out the various details in the arrest record for the predicate offense that indicated that he was not the subject of those criminal charges—despite the fact that the court had already ruled in Petitioner's favor on this issue at the November 2012 hearing. ECF No. 10-3 at 23-27.

10

any event, Petitioner received all of the process that might have been due to him from a sentencing hearing relying on incorrect facts—that is, a new sentencing hearing where those incorrect facts were not considered.

Lastly, Petitioner appears to take issue with the prosecutor's statement at the sentencing hearing that "it is still uncertain what is Mr. McNeal['s] prior record because they're so commingled." ECF No. 2 at 5. This argument is unavailing for several reasons. This statement is neither inherently prejudicial or exculpatory; although Petitioner clearly interprets the prosecutor to be implying that he committed all of the underlying offenses at issue, the statement could also indicate that the prosecution has cause to question whether *any* of the offenses at issue were attributable to Petitioner. Further, Petitioner conveniently ignores the prosecutor's comments immediately before and after this statement, in which she concedes that the state gives him the benefit of the doubt as to the past convictions for purposes of computing the guidelines and any statutory requirements and that the state had discovered that another man was using his name and state identification number. ECF No. 10-3 at 13. Most critically, however, is the fact that it was the resentencing judge—not the prosecutor—who determined Petitioner's new sentence, and the judge came to her decision after hearing all arguments from counsel for both parties and Petitioner's lengthy allocution detailing his attacks on his attributed criminal history.

## CONCLUSION

The Petition for habeas corpus relief will be denied and dismissed. When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a petitioner satisfies this standard by demonstrating "(1) that jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (internal quotation marks omitted); *see Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Because Petitioner fails to satisfy this standard, the Court declines to issue a certificate of appealability. However, Petitioner may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

A separate order follows.

Dated this 18 day of June, 2019.

FOR THE COURT:

James K. Bredar
Chief Judge

12